RECEIVED
USC WESTERN DISTRICT OF LA
RC RT H. SHEMWELL, CLERK
C E 2/15/05

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| Michael T. Fuesting | Civil Action No. 6:02-CV-2511 |
| versus | Judge Tucker L. Melançon |
| Lafayette Parish Bayou Vermilion District, et al. | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING

Before the Court are plaintiff Michael T. Fuesting's Motion for Partial Summary Judgment [Rec. Doc. 38] and defendants Lafayette Parish Bayou Vermilion District and Lafayette Insurance Company's opposition thereto [Rec. Doc. 50]; defendants Lafayette Parish Bayou Vermilion District and Lafayette Insurance Company's Motion for Summary Judgment [Rec. Doc. 42], plaintiff's opposition thereto [Rec. Doc. 48], defendants' Supplemental Motion for Summary Judgment [Rec. Doc. 77], and plaintiff's opposition to the supplemental motion [Rec. Doc. 83]. Also before the Court is a Motion for Summary Judgment [Rec. Doc. 84] filed by cross-defendants Jan Cribbs, Alfred Ray Hatch, and Joyce T. Hatch, Lafayette Parish Bayou Vermilion District and Lafayette Insurance Company's opposition thereto [Rec. Doc. 91], and Jan Cribbs, Alfred Ray Hatch, and Joyce T. Hatch's reply [Rec. Doc. 94]. Plaintiff, defendants, and cross-defendants also have filed additional

1

briefing [Rec. Docs. 101, 102 & 103] pursuant to the Court's instruction contained in its May 5, 2005 Minute Entry [Rec. Doc. 100].

For the reasons that follow, plaintiff Michael T. Fuesting's Motion for Partial Summary Judgment will be denied, defendants Lafayette Parish Bayou Vermilion District and Lafayette Insurance Company's Motion for Summary Judgment and Supplemental Motion for Summary Judgment will be granted, and Jan Cribbs, Alfred Ray Hatch, and Joyce T. Hatch's Motion for Summary Judgment will be denied as moot.

## I. Background

This suit arises from events surrounding an allision between a small pleasure boat and a sunken shrimp boat on the Vermilion River in Lafayette Parish, Louisiana. The shrimp boat was purchased in 1994 by Keith Griffin, who navigated the boat up the Vermilion River, docked it, and then allowed it deteriorate to such an extent that the boat eventually sank while berthed. (*Defendant's Motion for Summary Judgment*, 3-4.) Concerned citizens of Lafayette Parish, finding the sunken shrimp boat to be an eyesore, contacted the Lafayette Parish Bayou Vermilion District and asked that the boat be removed from the river. (*Id.* at 4-5.) On or about January 5, 2001, the Lafayette Parish Bayou Vermilion District, after receiving permission from Griffin, engaged in an attempt to float the boat in order to facilitate its removal. (*Id.* at 5.)

The attempt was unsuccessful, and the boat remained sunken, although its position had been rotated 180 degrees and it moved a few feet. (*Id.*)

On or about July 3, 2001, plaintiff Michael T. Fuesting was operating a small pleasure boat on the Vermilion River. (*Complaint* ¶ IV.) While traveling upriver at half throttle, Fuesting's boat allided with the sunken, partially submerged shrimp boat, ejecting Fuesting from his own boat, knocking him temporarily unconscious, and causing various alleged injuries. (*Id.*; *Plaintiff's Motion for Partial Summary Judgment*, 4.)

Fuesting filed suit against several individuals and entities based on general maritime negligence, and pursuant to the Wreck Act, 33 U.S.C. § 409, including the owner of the sunken shrimp boat, Keith Griffin, Lafayette Parish Bayou Vermilion District, a political subdivision of the state of Louisiana that regulates the Vermilion River, and their insurer, Lafayette Insurance Company (together referred to as "the District" hereafter), as well as Jan Cribbs, Alfred Ray Hatch, and Joyce T. Hatch (together referred to as "Hatch" hereafter), the owners of the dock where the shrimp boat had been berthed by Griffin.

Fuesting asserts that because the District failed to remove the sunken shrimp boat, thus creating an obstruction and navigational hazard on the Vermilion River, the District is liable to Fuesting for the injuries he sustained as a result of the allision.

(*Complaint* ¶ IV.) Fuesting dismissed his claims against Hatch voluntarily [Rec. Doc. 35], however the District subsequently filed a cross-claim against Hatch for indemnification [Rec. Doc. 65] in the event the District is found liable to Fuesting.

There are several motions for summary judgment now before the Court. Fuesting moves for partial summary judgment, requesting the Court find that the District owed a duty to remove the sunken shrimp boat, and that the District negligently shirked its duty when it attempted, but failed, to remove the boat from the Vermilion River. (*Plaintiff's Motion for Partial Summary Judgment*, 5.) The District opposes Fuesting's motion, and moves for summary judgment in its favor, arguing that because it is neither the owner, lessor, or operator of the shrimp boat, it cannot be held negligent as a matter of law under the Wreck Act. (*Defendant's Supplemental Motion for Summary Judgment*, 3.) Fuesting opposes the District's motion, arguing that the District acted as a tower of the shrimp boat when it engaged in the failed attempts to remove the sunken boat from the river. Under the Wreck Act, Fuesting contends that anyone who tows a boat is considered an "operator" and thus falls within the scope of the act. (*Plaintiff's Opposition*, 3.)

Hatch also moves for summary judgment, asking the Court to find that in the event the District is found liable to Fuesting, no legal basis for indemnification exists between themselves and the District. (*Cross Defendant's Motion for Summary*

4

*Judgment*, 3-4.) The District opposes the motion.

## *II. Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a judgment as a matter of law if the evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* at 324.

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is

5

required to render the judgment prayed for. *Id.* Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

*III. Analysis*

A. <u>The Wreck Act</u>

The duty to remove a sunken vessel alleged to be a navigational hazard is a statutory duty, legislatively codified for over one hundred years in the Wreck Removal Act, a portion of the Rivers and Harbors Act. *See* 33 U.S.C. § 409. If a vessel is grounded or sunk in navigable waters of the United States, the Wreck Act creates important duties and serves as the source of liability for owners, lessors, and operators of the sunken vessel, as well as third parties in some instances.

The shrimp boat with which Fuesting allided while operating his recreational boat on the Vermilion River was allowed to deteriorate into a state of wreckage and sank in a 'navigable channel,' and Fuesting has accused the District of negligently failing to remove the boat from the Vermilion River. Fuesting's claim in this matter against the District is therefore governed by the provisions of the Wreck Act.

The Act provides in pertinent part:

"It shall not be lawful to tie up or anchor vessels or other craft in navigable channels in such a manner as to prevent or obstruct the passage of other vessels or craft; or to sink, or permit or cause to be sunk, vessels or other craft in navigable channels (...) And whenever a vessel, raft or other craft is wrecked

6

and sunk in a navigable channel, it shall be the duty of the owner, lessee, or operator of such sunken craft to immediately mark it with a buoy or beacon during the day and, unless otherwise granted a waiver by the Commandant of the Coast Guard, a light at night, and to maintain such marks until the sunken craft is removed or abandoned, and the neglect or failure of the said owner, lessee, or operator so to do shall be unlawful; and it shall be the duty of the owner, lessee, or operator of such sunken craft to commence the immediate removal of the same, and prosecute such removal diligently, and failure to do so shall be considered as an abandonment of such craft, and subject the same to removal by the United States as provided for in sections 411 to 416, 418, and 502 of this title." 33 U.S.C. § 409.

The purpose of the act is to prevent obstructions in the nation's waterways. *See Wyandotte Transp. Co. v. United States*, 389 U.S. 191, 88 S.Ct. 379 (1967). The owner, operator, or lessor of a vessel which has sunk in navigable waters must remove it if the wreck is a hazard to navigation. If he does not, he will be liable and subject to various penalties for violation of section 409. *See* 33 U.S.C. §§ 411, 412.

The key threshold issue raised in both Fuesting's motion for partial summary judgment, and the District's motion for summary judgment and supplemental motion, is whether the District is subject to liability under the Wreck Act. (*Plaintiff's Motion*, 5; *Defendant's Motion*, 7.) Fuesting argues that the District had a duty to remove the sunken shrimp boat pursuant to the Wreck Act's provision stating that "it shall be the duty of the owner, lessee, or operator" to remove the wrecked vessel. Fuesting contends that the District acted as an operator of the boat when it entered into a written agreement with its owner, Keith Griffin, to attempt to float and tow the boat

7

to a point where it could be removed from the river completely. (*Plaintiff's Motion*, 2, 6.) Fuesting contends that the waiver of damage document signed by Griffin releasing the District from any damages that accrued to the sunken shrimp boat during the District's attempt to tow it and remove it from the river constituted a contractual arrangement that effectively created a towage agreement, rendering the District an operator of the boat. (*Plaintiff's Opposition to Motion for Summary Judgment*, 3.) Fuesting cites as support for his argument Fifth Circuit case law establishing liability under the Wreck Act for towing companies whose failure to remove a wreck resulted in allision with another vessel. (*Plaintiff's Motion*, 6.) However, Fuesting admits that the general agreement between Griffin and the District to allow the District to attempt removal of the sunken boat, as well as the hold harmless agreement signed by Griffin, lack the representative formalities of a towing contract. (*Id.*)

The District argues that it had no duty under the Wreck Act to remove the sunken boat because it was neither the owner, lessor, or operator of the boat. The District asks the Court to reject as a matter of law Fuesting's contention that they be considered an operator of the boat. The District argues that the agreement entered into with Griffin does not constitute a contract of towage, and points out that ultimately the boat was never towed successfully, further precluding a finding that they be considered an 'operator' under the Act. (*Defendant's Motion for Summary*

*Judgment*, 8.)

The Court finds that the agreement between the District and Griffin, and the actions taken by the District, do not render the District an 'operator' of the sunken shrimp boat as that term was intended under the Wreck Act. Even if the Court determined that the document signed by Griffin was sufficient to create a towing contract, which it does not,[1] the fact remains that the boat was never towed anywhere by the District, whose attempt to move the boat was almost completely unsuccessful. (*Id.* at 8-9.) As such, the evidence presented to the Court on summary judgment is insufficient to establish that the District 'operated' the boat.

The potential liability of the District does not end with this determination, however. In the context of the Wreck Act, a third party (non-owner, non-lessor, non-operator) may be held liable for negligence in certain circumstances. *See Humble Oil & Refining Co. v. Tug Crochet*, 42 F.2d 602, 607 (5thCir.1970). For instance, if a third party assumes the duty of marking or removing a sunken vessel, and is then negligent in doing so, they may be held liable. One who voluntarily assumes a duty owed by another, and then breaches that duty, becomes liable to one who is injured

---

[1] The document referred to consists of a single sentence, wherein Griffin agrees to hold the District harmless for any damages that might occur to his vessel, in general, and does not state anything specifically related to movement of the vessel or towage, nor in anyway can be said to represent a contractual agreement relating to towage of the shrimp boat.

as a result of the breach. *See Indian Towing*, 350 U.S. 61, 69, 76 S.Ct. 122, 127 (1955). The ability to voluntarily assume a duty explained in *Indian Towing*, or the "Good Samaritan" rule, is applicable in maritime cases. *See Sheridan Trans. Co. v. United States*, 834 F.2d 467, 474 (5thCir.1987).

Here, the District had no initial duty under the Wreck Act to mark or remove the sunken shrimp boat. However, because the District entered into an agreement with Griffin, albeit informal, to attempt its removal, and then acted upon that agreement, albeit unsuccessfully, the Court concludes that the District voluntarily *assumed* a duty to the boating public, including Fuesting, to remove the boat in a non-negligent manner. *See Indian Towing*, 350 U.S. at 69, 76 S.Ct. at 127. Having found that the District assumed the duty, the Court must now consider whether the District, as a public entity,[2] is shielded from liability in this case by Louisiana's discretionary function exception.

B. <u>Statutory Immunity of The District</u>

Louisiana Revised Statutes 9:2798.1 provides a discretionary function exception to liability when a public entity or agent had discretionary or policy-making authority over the allegedly negligent activity at issue. The statute states in pertinent

---

[2] Louisiana Revised Statutes Section 33:9201 provides that "[t]he Lafayette Parish Bayou Vermilion District is hereby created as a political subdivision of the state of Louisiana."

part:

> "B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties."

In determining whether the discretionary function exception applies in a particular case, the Louisiana courts have followed the two-step analysis laid out by the United States Supreme Court in *Berkovitz v. United States*, 486 U.S. 531, 108 S.Ct. 1954 (1988). *See Rick v. State Dep't of Transp. & Dev.*, 630 So.2d 1271 (La.1994). The first question is "whether the action is a matter of choice" for the government entity or employee. *Berkovitz*, 486 U.S. at 536, 108 S.Ct. at 1958. If the government entity or employee has some discretion, the inquiry proceeds to the second stage of the *Berkovitz* analysis, with the focus shifting to whether the challenged conduct was an "action[ ] or decision[ ] based on considerations of public policy.... involv[ing] the permissible exercise of policy judgment." *Id.* at 537 (citation omitted).

Louisiana Revised Statutes Section 33:9201 creates the Lafayette Parish Bayou Vermilion District as a political subdivision of the state of Louisiana. Section 33: 9202 states the purposes for which the District was created, including:

> "(1) Improving the water quality of and beautifying Bayou Vermilion in the parish of Lafayette in an effort to promote the bayou as a recreational and cultural asset.
> (2) Creating and controlling a new type of viable economic development adjacent to Bayou Vermilion so as to provide a diversified economic base for

11

the city and parish of Lafayette.
(3) Doing any and all other acts which would enhance the general condition of Bayou Vermilion."

In the present case, the District's attempt to remove Griffin's boat qualifies as a discretionary act. The sunken boat removal practices of the District are a matter of choice, and are not mandatory, as no statute, regulation, or policy prescribes specific circumstances as to how, when, or why a sunken boat should be removed from the Vermilion River by the District. Such a determination, based as it was in this case on public policy concerns of the impact of the wreckage on the aesthetic quality of the river, falls squarely within the realm of discretionary functions grounded in social, economic, and political policy.

Fuesting argues that the District's actions were not policy-making or ministerial acts (which he concedes would afford the District immunity under La. R.S. 9:2798.1) but rather should be considered operational acts, performed negligently, and thus the District is not entitled to immunity. (*Plaintiff Supplemental Brief*, 1-2.) However, this argument is based upon the Louisiana Supreme Court's discussion of La. R.S. 9:2798.1 in *Fowler v. Roberts*, 556 So.2d 1 (La.1989), which is now an outdated interpretation of the statute. More recently, the Louisiana Supreme Court reviewed La. R.S. 9:2798.1 in *Gregor v. Argenot Great Cent. Ins. Co.*, 851 So.2d 959 (La.2003), and held that the statute should be read in terms of its plain language, and

to do so reveals that the statute does not make a distinction between operational acts and ministerial or policy-making acts. The distinction that Fuesting relies upon, therefore, is one without a difference under the plain terms of the statute.

The statute does provide an exception to immunity if the acts or omissions at issue are found to constitute "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct" on the part of the governmental entity. *See* La. R.S. 9:2798.1(C). There has been no evidence presented to the Court to suggest that the District's actions in this case can be classified in such a manner, and as such, the exception is inapplicable.

Accordingly, the District is immune from liability for its actions in this case under La. R.S. 9:2798.1. As such, the District's motion for summary judgment and supplemental motion for summary judgment will be granted, and Fuesting's claims against the District will be dismissed with prejudice.

C. Indemnification of The District By Hatch

Because the Court has found that the District is immune from liability in the instant case, and will dismiss Fuesting's claims against the District, the issues raised in Hatch's motion for summary judgment are rendered moot. Accordingly, the Court will deny Hatch's motion for summary judgment as moot.

## IV. Conclusion

For the foregoing reasons, plaintiff Michael T. Fuesting's Motion for Partial Summary Judgment will be denied, defendants Lafayette Parish Bayou Vermilion District and Lafayette Insurance Company's Motion for Summary Judgment and Supplemental Motion for Summary Judgment will be granted, and Fuesting's claims against Lafayette Parish Bayou Vermilion District and Lafayette Insurance Company will be dismissed with prejudice. In addition, third-party defendants Jan Cribbs, Alfred Ray Hatch, and Joyce T. Hatch's Motion for Summary Judgment will be denied as moot.

DATE 2/18/05
BY
TO