RECEIVED
US WESTERN DISTRICT OF LA
R ER HASHENWELL, CLERK
TE 8-4-05/G

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Michael T. Fuesting | Civil Action No. 6:02-CV-2511 |
| versus | Judge Tucker L. Melançon |
| Lafayette Parish Bayou Vermilion District, et al. | Magistrate Judge C. Michael Hill |

## ORDER

Before the Court is plaintiff Michael T. Fuesting's Motion for New Trial pursuant to Federal Rule of Civil Procedure 59(a) [Rec. Doc. 106]. By memorandum ruling and judgment dated July 14, 2005 [Rec. Docs. 104 & 105], the Court denied plaintiff's motion for summary judgment, granted defendants Lafayette Parish Bayou Vermilion District and Lafayette Insurance Company's cross-motion for summary judgment, and dismissed Fuesting's claims against defendants with prejudice. On July 25, 2005, Fuesting filed the instant motion in which he respectfully submits that the Court's ruling and judgment were contrary to the law and evidence presented.

A motion to reconsider a dispositive pre-trial motion is analogous to a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) when it is served within ten days of the Court's ruling and judgment. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990). Because

1

Fuesting seeks relief from the Court's ruling on a motion for summary judgment, the Court treats Fuesting's instant motion as a motion to alter or amend the judgment pursuant to Rule 59(e) rather than as a motion for new trial as such. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 784, n.1 (5th Cir.1996) (considering motion for new trial as a Rule 59(e) motion to reconsider entry of summary judgment).

Rule 59(e) affords the Court significant discretion when deciding whether to alter or amend its judgment. *Id.* at 174. While Rule 59(e) does not set forth any specific grounds for relief, courts generally have considered four factors: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; (3) the need to correct a clear error of law or fact upon which the judgment is based; or (4) to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002).

The Court finds that Fuesting has failed to raise any ground upon which his motion should be granted. Fuesting respectfully disagrees with the Court's application of Louisiana Revised Statute 9:2798.1 to the instant case, and argues in his motion that the defendant's discretionary acts were negligent and in violation of maritime law. The Court finds no merit in this argument, and shall affirm its ruling finding defendant Lafayette Parish Bayou Vermilion District immune from liability for its actions in this case under La. R.S. 9:2798.1. The Court reiterates that La. R.S.

9:2798.1 only provides an exception to a public entity's immunity if the acts or omissions at issue are found to constitute "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct" on the part of the governmental entity. *See* La. R.S. 9:2798.1(C). There has been no evidence presented to the Court to suggest that defendant's actions in this case can be classified in such a manner, and as such, the exception is inapplicable.

The Court's ruling and judgment having been based on its careful consideration of the entire record of this matter, as well as the applicable law, accordingly,

IT IS ORDERED that plaintiff's Motion for New Trial [Rec. Doc. 106] is DENIED.

Thus done and signed this ___ day of August, 2005 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge