UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **MICHAEL T. FUESTING** | \* | **CIVIL ACTION NO. 02-2511** |
| **VERSUS** | \* | **MAGISTRATE JUDGE HILL** |
| **LAFAYETTE PARISH BAYOU VERMILION DISTRICT, ET AL** | \* | **BY CONSENT OF THE PARTIES** |

### MEMORANDUM RULING

Pending before the Court is a Motion for Summary Judgment filed by third-party defendants, Joyce Hatch, Jan Cribb, and Ray Hatch (collectively, "Hatch"), on January 29, 2007. [rec. doc. 117]. Defendants, the Lafayette Parish Bayou Vermilion District ("BVD") and Lafayette Insurance Company ("LIC"), filed opposition. [rec. doc. 119]. At the hearing on April 18, 2007, the Court allowed Lafayette ten days to amend its third-party demand, and took the motion under advisement. [rec. doc. 135]. For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART.**

### Background

Plaintiff, Michael T. Fuesting ("Fuesting"), filed this general maritime negligence action for personal injuries and property damage sustained after he struck a sunken shrimp boat owned by Keith Griffin ("Griffin") and/or the Lafayette Parish

Bayou Vermilion District on the Bayou Vermilion adjacent to a dock in Lafayette, Louisiana. He amended his complaint to add the dock owners, Hatch, as defendants. On April 19, 2004, Fuesting filed a motion to voluntarily dismiss Hatch. [rec. doc. 35]. Judge Tucker L. Melançon granted this motion. [rec. doc. 36].

BVD and LIC then filed a cross-claim against the dock owners, as well as Griffin, for indemnity and contribution. [rec. doc. 65]. BVD also filed a third-party demand for indemnity and contribution against the dock owners. [rec. doc. 73].

In the instant motion, Hatch seeks summary judgment on the negligence claim, as well as BVD's third-party demand for indemnity and contribution. [rec. doc. 117].[1]

## Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). When the

---

[1]Hatch urged the same motion [rec. doc. 84] before Judge Tucker L. Melançon, which was decided along with plaintiff's motion for partial summary judgment [rec. doc. 38], BVD and LIC's motion for summary judgment [rec. doc. 42], and defendants' supplemental motion for summary judgment [rec. doc. 77] by Memorandum Ruling dated July 15, 2005 [rec. doc. 104]. By Judgment entered July 18, 2005, Judge Melançon denied plaintiff's motion, granted BVD and LIC's motions, and denied Hatch's motion as moot. [rec. doc. 105]. After denial of a motion for new trial, plaintiff appealed the district court's granting of summary judgment in favor of BVD. On November 14, 2006, the Fifth Circuit reversed and remanded this decision under Docket No. 05-30908 [rec. doc. 116].

burden at trial rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case. *International Association of Machinists and Aerospace Workers, AFL-CIO v. Compania Mexicana de Aviacion, S.A.*, 199 F.3d 796, 798 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Courts consider the evidence in the light most favorable to the nonmovant, yet the nonmovant may not rely on mere allegations in the pleading; rather, the nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Id.* (citing *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2458.))

## Analysis

### *Indemnity and Contribution*

Hatch seeks summary judgment on BVD and LIC's claims for indemnity and contribution.

Generally, the body of law that governs a claim for indemnity or contribution is the same body of law that establishes the indemnitee's primary liability to the

plaintiff. *Lakes of Gum Cove Hunting & Fishing, L.L.C. v. Weeks Marine, Inc.*, 182 F.Supp.2d 537, 547 (W.D. La. 2001) (citing *Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 830 n. 7 (5th Cir.1992)). Therefore, the general maritime rules of indemnity and contribution will apply in this case.

Indemnity and contribution allow for distribution of damages between defendants held liable. Indemnity "permits one tortfeasor to shift all of the loss onto another tortfeasor, provided the other should appropriately answer for the entirety of the loss." *Hardy,* 949 F.2d at 829. Contribution "requires that each tortfeasor pay the proportion of the damages attributable to its actions." *Id.*

The availability of common law indemnity under maritime law is quite limited. *Hardy*, 949 F.2d at 833. "Indemnity between liable maritime tortfeasors is now available only 'where proportionate degrees of fault cannot be measured and determined on a rational basis.'" *Hardy*, 949 F.2d at 833 (quoting *United States v. Reliable Transfer Co.,* 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975)). Non-negligent tortfeasors are entitled to indemnity when "the law imposes responsibility even though they committed no negligent acts." *Hardy,* 949 F.2d at 833.

In *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 501 (5th Cir. 1982), the court recognized that comparative fault displaced the traditional concept of tort immunity. Since *Loose*, the Fifth Circuit eliminated virtually every variety of tort

indemnity once available under maritime law. *Hardy*, 649 F.2d at 833.[2] In any event, the general maritime law does not authorize an action for tort indemnity against a third-party defendant. *Hardy*, 949 F.2d at 834.

However, maritime law does recognize the well-established principle of joint and several liability. *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 220-221, 114 S.Ct. 1461, 1471 - 1472, 128 L.Ed.2d 148 (1994). Joint and several liability applies when there has been a judgment against multiple defendants. *Id.* It can result in one defendant's paying more than its apportioned share of liability when the plaintiff's recovery from other defendants is limited by factors beyond the plaintiff's control, such as a defendant's insolvency. When the limitations on the plaintiff's recovery arise from outside forces, joint and several liability makes the other defendants, rather than an innocent plaintiff, responsible for the shortfall. *Id.* However, when the plaintiff's recovery against the settling defendant has been limited not by outside forces, such as the plaintiff's own agreement to settle with a defendant, the risk falls

---

[2] Among the viable indemnity theories remaining include: (1) a vicariously liable or non-negligent tortfeasor is entitled to indemnity from a co-debtor guilty of actual fault (*see Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*, 761 F.2d 229, 236 (5th Cir. 1985)); (2) the user of a defective product which injured the plaintiff is entitled to recover indemnity from the manufacturer of the product (*id.*); (3) a vessel can recover indemnity from a stevedore where the stevedore breaches a contractually implied warranty of workmanlike performance (*Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956)), and (4) express contractual indemnity agreements (*see American Stevedores v. Porello*, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011 (1947)).

on the plaintiff. *Id.* There is no reason to allocate any shortfall to the other defendants, who were not parties to the settlement. *Id.* "Just as the other defendants are not entitled to a reduction in liability when the plaintiff negotiates a generous settlement, so they are not required to shoulder disproportionate liability when the plaintiff negotiates a meager one."

In this case, BVD did not contest at the hearing the fact that it does not have a viable action for indemnity against Hatch in this case, and abandoned this claim in the amended third-party demand. [rec. doc. 156, p. 4]. Thus, this claim will be dismissed. However, BVD asserts that it does have a right to contribution under the claims asserted in the amended third-party demand. These claims are the subject of a motion to dismiss which was set for oral argument on June 13, 2007. [rec. docs. 145, 150]. Thus, the claim for contribution will be addressed in the ruling on that motion.

Accordingly, the motion for summary judgment on the claim for indemnity is **GRANTED**. The motion for summary judgment on the remaining claims will be addressed in another ruling.[3]

---

[3] The spoilation issue will be addressed in a separate decision.

## Conclusion

Based on the foregoing reasons, the Motion for Summary Judgment is hereby **GRANTED IN PART AND DENIED IN PART,** and the claim for indemnity filed by the Lafayette Parish Bayou Vermilion District ("BVD") and Lafayette Insurance Company ("LIC") defendants is **DISMISSED**. The remaining claims shall be addressed in a separate ruling.

Signed June 13, 2007 at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE