UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **MICHAEL T. FUESTING** | * | **CIVIL ACTION NO. 02-2511** |
| **VERSUS** | * | **MAGISTRATE JUDGE HILL** |
| **LAFAYETTE PARISH BAYOU VERMILION DISTRICT, ET AL** | * | **BY CONSENT OF THE PARTIES** |

### MEMORANDUM RULING

Pending before the Court is Motion to Dismiss or Alternative Motion for Summary Judgment filed by third-party defendants, Joyce T. Hatch, Alfred Ray Hatch, and Jan Cribbs ( collectively, "Hatch"), on May 1, 2007 [rec. doc. 145], and the Motion for Summary Judgment filed by Hatch on January 29, 2007 [rec. doc. 117]. Defendants, the Lafayette Parish Bayou Vermilion District ("BVD") and Lafayette Insurance Company ("LIC"), filed opposition to both motions. [rec. docs. 119, 156].

On April 18, 2007, the Court heard oral argument on the first motion for summary judgment. [rec. doc. 135]. At the hearing, the undersigned allowed BVD 10 days to file an amended third-party demand against the landowners (Hatch) and the vessel owner (Keith Griffin, "Griffin"), and took the motion [rec. doc. 117] under advisement. On April 25, 2007, BVD filed an amended third-party complaint against

Hatch and Griffin [rec. doc. 142].

On June 13, 2007, the Court heard oral argument on second motion for summary judgment. [rec. doc. 145]. On the same day, the Court issued a ruling on the first motion for summary judgment [rec. doc. 117], which dismissed BVD's claim for indemnity, and reserved ruling on the remaining claims for contribution and spoliation. [rec. docs. 163, 164]. Based on the following reasons, the motion for summary judgment is **GRANTED**.[1]

## Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). When the burden at trial rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case. *International Association of Machinists and Aerospace Workers, AFL-CIO v. Compania Mexicana de Aviacion, S.A.*, 199 F.3d 796, 798 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

---

[1] The Court finds that the motion requires consideration of extrinsic proof, and therefore converts it to a motion for summary judgment.

Courts consider the evidence in the light most favorable to the nonmovant, yet the nonmovant may not rely on mere allegations in the pleading; rather, the nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Id.* (citing *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2458.))

## **Analysis**

### *Spoliation*

BVD argues spoliation because Hatch destroyed the dock before anyone could have it inspected by an expert.

The Fifth Circuit permits an adverse inference against the destroyer of evidence only upon a showing of "bad faith" or "bad conduct." *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005). Here, it is uncontested that the shrimp boat sank in January of 2001. The vessel remained partially submerged until Fuesting hit it with his boat on July 13, 2001. Thereafter, plaintiff filed suit against defendants, including BVD, on December 9, 2002. In August or September of 2003, Hatch removed the remaining portions of the floating dock out of the water.

Based on the facts of this case, the Court finds that the doctrine of spoliation does not apply. Although plaintiff took many photographs after the accident, BVD failed to come out to the accident scene for over nine months after suit was filed. From the time that Fuesting filed suit until the dock was removed, BVD had a sufficient amount of time to reenact the accident scene. Additionally, BVD has not shown any intent on Hatch's part to destroy the evidence before BVD had a chance to inspect it.

Accordingly, the motion for summary judgment on the spoliation issue is **GRANTED**.

*Liability*

In its original and amended complaints, BVD asserts that Hatch is negligent under the Wreck Act and general maritime law.

The Wreck Act, 33 U.S.C. § 409, makes it unlawful for a vessel owner, operator, or lessor to sink or cause any vessel to be sunk in a navigable channel. *In re Barnacle Marine Management Inc.*, 233 F.3d 865, 868 (5th Cir. 2000). Under § 409, the owner, operator, or lessor has a duty under to immediately remove such a wreck. *Id*. The Wreck Act is judged by negligence standards. *Exxon Shipping Co. v. Cailleteau,* 869 F.2d 843, 846 (5th Cir. 1989).

BVD argues that Hatch, the dock owner, is an "operator" within the meaning of the Wreck Act. Specifically, it asserts that by undertaking the obligation to supply electricity to operate the pumps of the shrimp boat, Hatch, as a "Good Samaritan," assumed a duty to float an unseaworthy vessel.

The "Good Samaritan" rule, as this principle is known, is applicable in maritime cases. *Tidewater Marine, Inc. v. Sanco Intern., Inc.*, 113 F.Supp.2d 987, 999 (E.D. La. 2000). The rule is set forth in section 324A of the Second Restatement of Torts: One who undertakes gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if: (1) his failure to exercise reasonable care increases the risk of harm; (2) he has undertaken to perform a duty owed by another to a third person; or (3) the harm is suffered because of reliance of the other or the third party upon the undertaking. *Id*. (citing Restatement (Second) of Torts § 324A); *Saudi v. S/T Marine Atlantic*, 159 F.Supp.2d 492, 503 (S.D.Tex. 2000).

In the Fifth Circuit's opinion in this case, the court found that the district court's application of the term "operator" was too narrow as applied to BVD. *Fuesting v. Lafayette Parish Bayou Vermilion District*, 470 F.3d 576, 580 (5th Cir.

2006). There, the district court had rejected plaintiff's argument that BVD was an operator based on its agreement with the boat owner, Griffin, to hold BVD harmless for its attempted removal of the boat from the river. The Fifth Circuit suggested that BVD could potentially be liable as an operator based on an oral towing contract with Griffin. However, the issue of Hatch's liability was not before the court.

Under the facts of this case, the Court finds that Hatch's actions do not render him an "operator" of the shrimp boat within the meaning of the Wreck Act. As the Fifth Circuit explained, the provisions of this act apply only to owners, lessees, and operators of sunken crafts. *Id.* at 579. There is no evidence that Hatch attempted to "operate" the shrimp boat at issue. Instead, his only actions were to supply electricity to the boat in order to keep it afloat while it was tied to the dock until it could be removed by the proper party.

Further, the Court finds that Hatch is not liable under the "Good Samaritan" rule. Nothing indicates that Hatch, as the dock owner, did anything to increase the risk of causing harm to a third party. Nor is there evidence that Hatch undertook a duty which anyone else owed or that plaintiff suffered harm because of anyone's reliance upon the alleged undertaking, *i.e.*, temporarily supplying electricity to the shrimp boat. Further, there has been no showing that the harm was suffered because of anyone's reliance on Hatch's undertaking.

As the Court does not find any scenario under which Hatch could be found liable under the Wreck Act or general maritime law, the motion for summary judgment on liability is hereby **GRANTED**. Further, as BVD has no contribution claim against a settling defendant (Hatch), the motion for summary judgment on the contribution claim is also **GRANTED**. *McDermott v. AmClyde,* 511 U.S. 202, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994);

*Hardy v. Gulf Oil Corp*., 949 F.2d 826 (5th Cir. 1982).

## Conclusion

Based on the foregoing reasons, the Motion for Summary Judgment is hereby **GRANTED,** and all remaining claims against Hatch are hereby **DISMISSED WITH PREJUDICE**.

Signed July 11, 2007, at Lafayette, Louisiana.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE